UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALLIS PETROLEUM, L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 1692 DDN |
| | ) | |
| CREVE COEUR OIL AND CAR WASH, INC., | ) | |
| MIKE NAZEMI, | ) | |
| BETH ANN HINKSON NAZEMI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ANDORDER OF REMAND
## TO MISSOURI CIRCUIT COURT

Pending before this court are (a) the motion of defendants Creve Coeur and Car Wash, Inc. (Creve Coeur), Mike Nazemi, and Beth Ann Hinkson Nazemi to dismiss this action (Doc. 9); and (b) the motion of plaintiff Wallis Petroleum, L.C., to remand the action to the Circuit Court of St. Louis County (Doc. 12). All parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). The court grants the motion to remand the action to the state court and defers to the state court the other pending motion.

This action was commenced in the Circuit Court of St. Louis County. In its state court petition, plaintiff alleges defendant Creve Coeur breached its two contracts with plaintiff by failing to pay plaintiff for petroleum products supplied by BP Products North America, Inc. (BP) to Creve Coeur for sale at its two places of business (pursuant to the "Olive Contract" and the "Pershall Contract"). Plaintiff alleges that Creve Coeur failed to remove from its premises BP's proprietary marks as required by the contracts. In its state court petition, plaintiff describes itself as a "'franchisor' as that term is defined in the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* (hereinafter the "PMPA") and authorizes or permits, under franchise agreements, retailers to use a

trademark in connection with the sale and distribution of motor fuel." (Doc. 5 at 2.) Plaintiff alleges it complied with PMPA § 2804 in the manner by which it terminated the Pershall Contract. Plaintiff alleges that the individual defendants, Mike Nazemi and Beth Ann Nazemi, personally guaranteed the performance by Creve Coeur of the two contracts between plaintiff and Creve Coeur. Plaintiff seeks to recover $146,690.45 in actual damages, attorneys' fees, costs, specific performance of the defendants' contractual obligations to remove the BP proprietary marks, and injunctive relief.

> Defendants removed this action to this court, alleging in part:
>
> Plaintiff alleges in its Petition, among other things, that Defendants violated the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (the "PMPA") in regard to use of a trademark in connection with the sale and distribution of motor fuel and the termination of the franchise.

(Doc. 1 at ¶ 2.) See 28 U.S.C. § 1441(a)(1) (providing for removal of any civil action over which the federal district courts have original jurisdiction).

Plaintiff moves to remand this action to the Missouri circuit court, asserting defendants' removal was untimely. 28 U.S.C. § 1446(b) requires that removal occur within 30 days of defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b). As has been recently stated:

> "The time limit is mandatory, therefore a timely motion to remand for failure to observe the 30-day limit will be granted." *Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp.2d 1107, 1110 (E. D. Mo. 2001) . . . However, "[t]he § 1446(b) thirty day time limit is not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which the federal court would have had original jurisdiction." *Pender,* 145 F. Supp.2d at 1110 . . . .

*Hinz v. Swisher Hygiene USA Operations, Inc.* 2014 WL 531457, at *1 (E. D. Mo. 2014).

Plaintiff argues that it filed its petition in the state circuit court on August 11, 2015; that service was accomplished on all defendants on September 15, 2015; and that defendants filed their Notice of Removal on November 10, 2015. (Doc. 12, at 1.)

Defendants argue in effect that, while plaintiff's chronology is accurate, it is not

complete. They advise that their legal counsel did not enter the state court case until October 27, 2015; that on October 31, 2015, the circuit court granted them an extension of time until November 10, 2015 to answer the petition; and that on November 10, 2015, they filed their notice of removal. Indeed, this court's records corroborate defendants' chronology.

Defendants argue that their removal was timely, because the extension of time granted by the state circuit court to respond to the petition extended the time to remove the action. They cite 28 U.S.C. § 1441(e)(1)(B), which provides that the Notice of Removal may be filed "at a later time with leave of the district court." 28 U.S.C. § 1441(e)(1)(B).

Defendants' argument does not prevail. As plaintiff argues, an extension of time under § 1441(e)(1)(B) is limited to actions that could be brought under 28 U.S.C. § 1369, which grants district courts subject matter jurisdiction over large-scale, multiparty, multiforum cases supported by diversity of citizenship. 28 U.S.C. § 1369(a). This is not such a case. And the fact that the state circuit court granted defendants an extension of time to respond to the state court petition is irrelevant, because a Notice of Removal to federal court is not a state court pleading in response to a state court petition. *Hinz v. Swisher Hygiene USA Operations, Inc.*, 2014 WL 520457, at *2.

The court finds, however, there is a more basic reason for remanding the action, *i.e.* this court does not have subject matter jurisdiction. As stated, defendants assert subject matter jurisdiction under the PMPA. However, by its own terms, the PMPA grants subject matter jurisdiction over civil actions brought by *franchisees* against *franchisors* for a franchisor's failure to comply with certain requirements of the PMPA. 15 U.S.C. § 2805(a). *Cf. Heisel v. John Deere Const. & Forestry Co.,* 2008 WL 53232, at *6 (E. D. Mo. 2008) (ruling the PMPA seeks to protect franchisees from arbitrary and discriminatory termination of a franchise); *Alford's Service, Inc. v. Sinclair Oil Corp.*, 2003 WL 22996911, at * 4 (D. Minn. 2003) (same); *Van Diest v. Conoco, Inc.*, 851 F. Supp. 1415, 1417 (D. Neb. 1994) (same).

This is not a case in which, at the time the case was removed, contrary to the clear language of § 2805(a), a franchisee seeks relief against a franchisor. Plaintiff franchisor in this case is not seeking relief against defendants for violating the terms of the PMPA. Plaintiff is seeking relief against defendants, under Missouri law, for breach of contract and related claims. Therefore, removal was improper, because this court is without subject matter jurisdiction over plaintiff's claims. *State Oil Co. v. Khan*, 839 F. Supp. 543, 546-47 (N.D. Ill. 1993) (limiting the subject matter jurisdiction granted by PMPA § 2801(a) to claims for relief brought by franchisees, not by franchisors). Further, this is not a case in which the plaintiff franchisor seeks a declaration of its rights under the PMPA in advance of a coercive suit for relief by the defendants. *State Oil Co. v. Alayoubi*, 907 F. Supp. 1233 (N.D. Ill. 1995) (ruling court has subject matter jurisdiction under PMPA where franchisee defendant has a basis for a coercive suit and franchisor plaintiff brings declaratory judgment action in a defensive posture). Nothing in plaintiff's petition indicates it was filed defensively.

This action must be remanded to the state circuit court. This court defers to that court the pending motion of defendants to dismiss and the fact that the defendants are no longer represented by counsel.

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand this action to the Circuit Court of St. Louis County (Doc. 12) is sustained.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of St. Louis County for all further proceedings.

　　　　　　　　　　　　　　　　　　/S/   David D. Noce　　　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on February 8, 2016.